**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**KIMBERLY KELLEY,**

    **Plaintiff,**

v.                                                          **Case No. 8:05-cv-707-T-TBM**

**JO ANNE B. BARNHART,
Commissioner of the United States
Social Security Administration**

    **Defendant.**
_____/

## O R D E R

THIS MATTER is before the court on **Amended Plaintiff's Petition for Attorney Fees** (Doc. 26). By Plaintiff's certification, Defendant does not object to this petition. Upon review of the pleadings, it is ordered that Plaintiff is awarded $3,312.50 in attorney's fees and $250.00 in costs.[1] This amount is to be paid pursuant to the Equal Access to Justice Act (hereinafter "EAJA"), 28 U.S.C. § 2412.

I.

Plaintiff filed an application for Supplemental Security Income payments, which was denied initially and upon reconsideration. The ALJ conducted a hearing and denied Plaintiff benefits, and the Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision, and remanded the case for consideration of new evidence and a closed period of disability. Subsequently, the ALJ denied Plaintiff's claim on remand, the Appeals Council

---

[1] Plaintiff requests reimbursement of the $250.00 filing fee.

affirmed his decision, and the Plaintiff filed this action seeking judicial review. On September 28, 2006, this court entered Judgment reversing the Commissioner's decision and remanding the case for further consideration. See (Docs. 23-24).

II.

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States including proceedings for judicial review of agency action, unless the court determines that the position of the United States was substantially justified or that special circumstances exist that make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Three conditions must be established before an award under the EAJA is appropriate: (1) the claimant must file a timely application for fees; (2) the claimant must qualify as the prevailing party; and (3) the government's positions must not be "substantially justified," and no other special circumstances exist to make an award unjust. Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990).

An award under the EAJA is appropriate in this case. First, judgment in this case is final and Plaintiff's motion for fees is ripe for consideration.[2] Next, in a Social Security action, a party who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing party for purposes of 28 U.S.C. § 2412(d)(1)(A). Shalala v. Schaefer,

---

[2]The first requirement, that the fee application be filed within thirty days of the final judgment, is jurisdictional in nature. See 23 U.S.C. § 2412(d)(1)(B); Myers, 916 F.2d at 666 (citing Haitian Refugee Ctr. v. Meese, 791 F.2d 1489, 1494 (11th Cir.), vacated in part on other grounds on reh'g, 804 F.2d 1573 (11th Cir. 1986). A "final judgment" is one that is no longer appealable. See 28 U.S.C. § 2412(d)(2)(G); Melkonyan v. Sullivan, 501 U.S. 89 (1991). Since a judgment is no longer appealable sixty days after entry of judgment in Social Security actions, a plaintiff has ninety days from the date of entry of judgment in which to file for EAJA fees. See Fed. R. App. P. 4(a); Myers, 916 F.2d at 672.

509 U.S. 292, 300-02 (1993).  Because this court remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff, under <u>Schaefer</u>, is the prevailing party.  Finally, upon consideration, the Commissioner's position was not substantially justified in this case, and counsel for the Commissioner does not suggest otherwise.  Therefore, an award of fees under EAJA is proper.

In awarding attorney's fees, the primary factors to consider are the time expended and the hourly rate.  <u>Andrews v. United States</u>, 122 F.3d 1367, 1375 (11th Cir. 1997) ("The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate.").  Plaintiff seeks a fee of $3,312.50 based on a total of 26.50 hours of work at a rate of $125.00 per hour.[3]  This hourly rate is within the accepted range in this market and is deemed reasonable.  The total hours expended are also reasonable.

Accordingly, it is **ORDERED** that **Amended Plaintiff's Petition for Attorney Fees** (Doc. 26) is **GRANTED**.  Plaintiff's counsel is awarded attorney's fees in the amount of $3,312.50 and costs in the amount of $250.00.  **Plaintiff's Petition for Attorney Fees** (Doc. 25) is **DENIED as moot**.

**Done and Ordered** at Tampa, Florida, this 20th day of December 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

---

[3] Plaintiff's counsel, Michael Steinberg, seeks compensation of 5.50 hours at the rate of $125.00 per hour for the work he performed in this case.  He also seeks 21.00 additional hours at the same hourly rate for the time expended on Plaintiff's case by Jeanette A. Kelley, an attorney in the same firm.

3